McFarland, J.,
delivered tlie opinion of the court.
We have considered the various questions of law upon which, it is urged that the court below erred in the progress of the trial, but we find no sufficient error to authorize a reversal upon the grounds thus assigned.
But after a careful consideration, we are constrained to reverse the judgment and award a new trial upon tlie ground that the verdict is not sustained by the evidence.
The bill of exceptions purports to set forth all the evidence heard on the trial. It is conceded that the firm of Patton, Whitton & Co., of' which the defendants were members, received $707.97 for tobacco, which, as commission merchants at St. Louis, they had sold for the plaintiff, who lived in Dyer county, in this state; that -without any authority from the plaintiff: said firm placed this money in the hands of one G. II. Wright, to be by him handed to the plaintiff; that Wright failed to deliver the money, alleging that he lost it on his way down the Mississippi river. On being informed of these facts the plaintiffs promptly repudiated the acts of said firm in the matter, and informed them that if Wright did not pay the money he would look to them for it, and afterwards gave an order oil them for the money, which was not paid. This makes a clear case for the plaintiff, if nothing else appears.
The proof for the defendants sufficiently establishes the *638 conclusion that the plaintiff became indebted to said Wright in the sum of $1,000, growing out of another transaction, and that this money was not repaid tO' Wright by 'the plaintiff; but this of itself would be no defense to the action, inasmuch as these defendants could not plead as a set-off to the plaintiff’s demand against them, the plaintiff’s indebtedness to Wright. The theory of the defendants is that the matter was arranged between the plaintiff and Wright by an agreement probably to set-off one of these claims against the other, or that it was paid by Wright in some other way, or that the plaintiff ratified the payment to Wright and agreed to look to him for the money. There is certainly direct evidence to sustain either of these conclusions, while the plaintiff’s own testimony positively disproves these assumptions. Wright died shortly after this suit was brought, and his testimony was not had. The circumstances relied upon to support the verdict are, that Wright and the plaintiff lived near each other in I)yer county; that when the plaintiff said to the defendants that if Wright did not pay the money he would look to them for it, the defendants said to him, if he expected to look to them for the money he had better sue at once, as they did not intend to pay it. He repeated that if Wright did not pay the money he would look to the defendants for it; that this occurred in 1865, but the plaintiff made no further demand, at least not after the order referred to, which was the year 1865; and did not bring this suit until February, 1871, although these defendants had moved back to Gibson county, where they continued to reside, and although lie had at least one other transaction with one of them. These circumstances, in connection with the fact that the plaintiff was probably indebted to Wright, do tend to raise a suspicion or inference that it may have been settled in some way, but we think it is not sufficient to establish the conclusion, especially against the plaintiff’s positive testimony to the contrary. The plaintiff also *639 bought some laud from Wrigbt, but the proof satisfactorily shows that this debt was not settled in this way, and there is no evidence that the plaintiff agreed to look to Wright for the money except his delay to bring this suit.
It is with great reluctance that we disturb the verdicts of juries upon the evidence; never when it is a mere case of conflict of testimony. But the conclusion to be arrived at in this case is a mere inference to be drawn from certain circumstances in proof, and we think the conclusion cannot be arrived at as a legitimate inference from these circumstances. They create a suspicion, but do not amount to proof of the proposition.
Judgment reversed.